**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

MANOJ KUMAR,                           )
                                       )
          Petitioner,                  )
                                       )
vs.                                    )          Case No. CIV-26-164-R
                                       )
MARY DE ANDA-YBARRA, et al.,           )
                                       )
          Respondents.                 )

## ORDER

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] challenging his immigration detention. Respondents filed a response in opposition [Doc. No. 7] and Petitioner replied [Doc. No. 8].

Petitioner is a citizen of India that entered the United States on March 7, 2023 without admission or parole. The Department of Homeland Security issued a notice to appear charging Petitioner as subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i) and ordered him to appear before an Immigration Judge on July 13, 2023. Petitioner filed an application for asylum on March 29, 2023.[1] Although not totally clear from the pleadings, it appears that Petitioner was released from custody and has been living the United States while his removal proceedings take place. Petitioner was arrested and re-detained by ICE on December 26, 2025. Petitioner (represented by counsel) requested a custody redetermination. On January 7, 2026, the Immigration Judge found that he had no

---

[1] Petitioner asserts that he filed an application for asylum "[o]n or around October 30, 2025." However, Respondents have included a copy of the application reflecting that it was uploaded on March 29, 2023. *See* Ex. 2 to Respondent's Br. [Doc. No. 7-2].

1

jurisdiction to grant Petitioner's release based on 8 U.S.C. § 1225(b)(2)(A). However, the Immigration Judge also ruled, in the alternative, that bond is denied because Petitioner presents a flight risk. *See* Respondents' Br., Ex. 4 [Doc. No. 7-4].

In his Petition, Petitioner argues that he is being unlawfully detained pursuant 8 U.S.C. § 1225(b)(2)(A), which requires mandatory detention, as opposed to 8 U.S.C. § 1226(a), which generally provides for a bond hearing. Petitioner asserts that his mandatory detention violates the Immigration and Naturalization Act, 8 U.S.C. § 1101 et seq., and that his re-detention without an individualized determination as to whether he is a flight or safety risk violates his due process rights. Petitioner seeks release from custody or, in the alternative, an individualized bond hearing.

As Respondents acknowledge, this Court has previously determined that it has jurisdiction over Petitioner's claims and that § 1226(a) governs the detention of noncitizens, like Petitioner, that were apprehended within the United States after entering the country without admission or inspection. *See Valdez v. Holt,* Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); *Perez v. Grant*, No. CIV-25-1560-R, 2026 WL 315065, at *1 (W.D. Okla. Feb. 5, 2026); *Salomov v. Noem*, No. CIV-26-143-R, 2026 WL 607446, at *1 (W.D. Okla. Mar. 4, 2026).[2] Consistent with these prior decisions, the Court finds that Petitioner is subject to detention under § 1226(a), not § 1225(b)(2).

---

[2] On this issue, the Court finds persuasive the analysis provided by the Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025). The Court also acknowledges the contrary 2-1 decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

When a noncitizen is detained under § 1226(a), "the Attorney General may exercise his discretion to either detain or release an alien on bond or conditional parole." *Mwangi v. Terry*, 465 F. App'x 784, 786 (10th Cir. 2012). However, "the Attorney General's exercise of discretion is not subject to judicial review." *Id.* (citing 8 U.S.C. § 1226(e)). Thus, a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond. *Id. See also Valeriano v. Soto*, No. CV 25-16100 (MAS), 2026 WL 63710, at *2 (D.N.J. Jan. 8, 2026) ("Where an immigration judge makes a ruling as to granting or denying bond under § 1226(a),…the Court has no jurisdiction to second guess or reconsider the immigration judge's decision."); *Perez v. Holt*, No. CIV-25-1151-SLP, 2026 WL 597126, at *6 (W.D. Okla. Mar. 3, 2026) ("Thus, the Court finds that the IJ relied on evidence in the record to make a discretionary decision to deny Petitioner bond; therefore, this Court lacks subject matter jurisdiction to review that decision.").

Here, Petitioner received a bond hearing where the IJ denied bond because Petitioner presents a flight risk. The Court lacks jurisdiction to reconsider the IJ's discretionary decision to deny bond. In his reply brief, Petitioner argues that "[a]bsent articulated findings or supporting evidence, the government's reliance on a conclusory 'flight risk' label does not satisfy due process." Reply Br., p. 10.  To be sure, "[d]ue process is not satisfied…by rubberstamp denials [of bond]." *Chi Thon Ngo v. I.N.S.*, 192 F.3d 390, 398 (3d Cir. 1999). But Petitioner's arguments about the adequacy of the bond hearing are too underdeveloped to warrant habeas relief. Petitioner does not indicate that he was denied the opportunity to present evidence at the bond hearing or that the IJ improperly shifted the burden of proof. Petitioner contends that the record evidence does not support by the IJ's

3

decision, but he has not shown that the decision was somehow legally erroneous or unconstitutional. *See, e.g., Barreno v. Baltasar,* No. 025-CV-03017-GPG-TPO, 2025 WL 3190936, at *3 (D. Colo. Nov. 14, 2025) (concluding that "Respondents failure to provide Petitioner with a detention hearing at which the government bore the burden of proof violated her Fifth Amendment rights."). Moreover, the Court is not persuaded, based on the arguments before it, that the IJ's decision was unlawful merely "because it was handed down on an in-the-alternative basis." *Chiquito Barzola v. Warden, Delaney Hall Det. Facility Newark, NJ*, No. 2:25-CV-17326 (MEF), 2025 WL 3443487, at *2 (D.N.J. Dec. 1, 2025).

Accordingly, the Court grants the Petition in part as to Count I, and finds that Petitioner is subject to detention under 8 U.S.C. § 1226(a) and may not be denied a bond redetermination hearing solely on the basis that he is detained under § 1225(b)(2)(A). However, because Petitioner has received a bond determination hearing, his remaining claims are dismissed and the Court will not order any further relief at this time.

IT IS SO ORDERED this 17th day of March, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE